# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | |
|---|---|
| MARQUITA JACKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OFFICERS AND OFFICERS OF ) <br> THE COURTS AND DFCS IN BOTH ) <br> GEORGIA AND FLORIDA, ) <br> *individually and in their official* ) <br> *capacities,* ) <br> ) <br> Defendants. ) | Case No. CV412-022 |

## **REPORT AND RECOMMENDATION**

Filing a virtual carbon copy of Roderick Jackson's 42 U.S.C. § 1983 complaint, *see Jackson v. Officers*, No. CV412-012 (S.D. Ga. filed Jan. 18, 2012), Marquita Jackson, his wife, asks this Court to enjoin what she characterizes as a bad faith state criminal prosecution. (Doc. 1.) The Court granted her leave to proceed in forma pauperis on the condition that she return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) She has returned the two forms, so the case is ready to proceed.[1] (Docs. 6 & 7.)

---

[1] The Court **GRANTS** her motion for extension of time to submit the forms. (Doc. 4.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Jackson, like many recent detainees at the Chatham County Detention Center, seeks to enjoin what she characterizes as a bad faith criminal prosecution against her. (Doc. 1 at 1.) Naming any number of unspecified defendants, she insists that "they" violated her constitutional rights when her home was searched and her children were "kidnaped." (Doc. 1 at 4-6.) These unnamed officers also violated her rights by depriving her of her spouse under questioning, since he is her

2

religious advisor. (*Id.* at 6.) And they falsely imprisoned her and testified falsely under oath against her. (*Id.*) Moreover, she claims, the officers altered arrest warrants to reflect information they obtained while holding her at gunpoint, and they violated statutory requirements by seizing her children without first "do[ing] everything in their power to keep the family together and not destroy it." (*Id.* at 4-6.) They also denied her a speedy trial and falsely testified against her in order to force her into disciplinary confinement. (*Id.* at 6.) Based upon this string of deprivations, Jackson, like her husband, asks for a hearing and seeks a "cease and desist restraining order" to "stop all prosecutions by the state." (*Id.* at 7-8.) Finally, she asks for a preliminary and permanent injunction, presumably to stop the prosecution. (*Id.*)

"Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Consequently, this Court may not enjoin the state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be

3

suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010).

Jackson has not met that rigorous standard. She has failed to name any identifiable defendants, instead naming only "officers" generically. And her conclusory allegations against those unidentifiable defendants do not come close to showing any "bad faith" or "malicious and vindictive . . . conspiratorial prosecution." (Doc. 1 at 1.) Jackson's showing is utterly deficient in that regard since she has not offered any *proof* of bad faith or harassment.[2]

For that matter, to the extent Jackson seeks immediate release from confinement, she is in substance bringing a 28 U.S.C. § 2241 habeas

---

[2] "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir.1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (holding that the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass").

action, not a § 1983 claim. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir.2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). But to do that she must first exhaust his state court remedies.[3] If she wishes to proceed with such a claim, she should file a 28 U.S.C. § 2241 habeas petition, but she is advised that such a petition would likely be subject to immediate dismissal for lack of exhaustion.

---

[3] Jackson cannot credibly claim that meaningful judicial review is not available to her in the Georgia courts:

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [Jackson's's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, [s]he has not exhausted h[er] state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c).

Accordingly, plaintiff's complaint should be **DISMISSED**, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x. 425, 426-427 (11th Cir. 2010) (pro se IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).

Meanwhile, Jackson must pay for filing this lawsuit. Based upon her furnished information, she does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian, however, shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to

6

another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and her current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this __26th__ day of March, 2012.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA